Stephen M. Doniger, Esq. (SBN 179314)
Email: stephen@donigerlawfirm.com
Scott Alan Burroughs, Esq. (SBN 235718)
Email: scott@donigerlawfirm.com
Trevor W. Barrett (SBN 287174)
Email: tbarrett@donigerlawfirm.com
Justin M. Gomes (SBN 301793)
jgomes@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820
Attorneys for Plaintiff

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBIN BAIN,<br><br>Plaintiff,<br><br>vs.<br><br>FILM INDEPENDENT, INC., *et al.*,<br><br>Defendants.<br><br>*And all related counterclaims.* | Case No.: 2:18-cv-04126-PA-JEM<br><u>*Honorable Percy Anderson Presiding*</u><br><br>**JOINT RULE 26(f) REPORT**<br><br>Scheduling Conference: 9/24/2018<br>Time:                              10:30 AM<br>Courtroom:                   9A – 1st Street |

By and through their attorneys of record, who are set forth below, the parties have prepared and hereby submit this jointly signed Scheduling Conference report following the conference of counsel required by Federal Rule of Civil Procedures 16(b) and 26(f), Central District Local Rule 26-1 and this Court's Order setting a Scheduling Conference.

- 1 -

JOINT RULE 26(f) REPORT

## A. STATEMENT OF THE CASE

Plaintiff/Counterclaim Defendant Bain's Contentions

Plaintiff Robin Bain ("Bain" or "Plaintiff") is a Los Angeles-based filmmaker. Bain owns the copyright in the film *Girl Lost* (previously titled "Nowhereland") (the "Film"), which features Defendant Jessica Cesaro, also known as Jessica Haid ("Haid" or "Defendant"). Haid asked Bain to release her scenes from the Film for use on an acting reel to promote Haid's career. As the Film had not yet been released, Bain declined. Prior to the Film's release and without Bain's authorization, Haid obtained a watermarked copy of the Film and used all or some of fourteen (14) different scenes, including those comprising the heart of the Film and the Film's ending, in an acting reel. The watermark was removed from the scenes in the preparation of the reel, and the reel was made available for public viewing. Bain sought to resolve this matter with Haid and her co-infringers in lieu of litigation, but no resolution could be reached.

Haid responded to Bain's claims by filing counterclaims of her own concerning the production of the Film and her compensation. Those claims fail for various reasons that will be addressed elsewhere.

Plaintiff estimates that recoverable damages, including without limitation Defendant's disgorgeable profits, Plaintiff's actual damages, attorneys' costs, and pre-judgment interest on her copyright claim and Digital Millennium Copyright Act claim are likely in excess of $100,000.00.

Defendant/Counter-Claimant Haid's Contentions

Defendant / Counter-Claimant Haid was employed by Plaintiff / Counterclaim Defendant Bain to work on the production for the Film which was then titled "Nowhereland." Bain engaged Haid to create a sizzle reel and raise funds for the Film on the premise that Haid would be cast in the role of "Shara" and that, in

addition to monetary compensation that was below minimum wage, Haid would be allowed to use her performance from the Film in her acting reel. Permission to use footage of the Film in Haid's acting reel was part of the consideration for her performance during the production of the Film.

Throughout the course of Haid's employment, Haid endured severe hardship and bullying in hopes that performing the work would be worth obtaining an acting reel in the end. Instead, Bain violated numerous Labor Code violations, including breach of contract, fraud, negligent misrepresentation, and failure to provide a safe work environment. When Haid finally obtained a copy of footage to use in her acting reel, Bain sued Haid for copyright infringement and violation of the Digital Millennium Copyright Act.

Defendant estimates that recoverable damages, including without limitation Defendant's actual damages, statutory damages, punitive damages, attorneys' fees, and pre-judgment interest on her claims for Labor Code violations, breach of contract, fraud, negligent misrepresentation, and failure to provide a safe work environment are likely in excess of $100,000.00.

Per the employment agreement executed by Haid and Bain, all claims arising out of Haid's employment, including all of the claims and counter-claims in this case, are subject to binding arbitration. Therefore, Haid has initiated her counter-claims against Bain to preserve her rights in this case, but will subsequently file a Motion to Compel Arbitration to have this matter stayed pending a decision in arbitration.

B. **SUBJECT MATTER JURISDICTION**

This action arises under the Copyright Act of 1976, Title 17 U.S.C. § 101 *et seq*. Accordingly, this Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1338(a). Concurrently, this Court has supplemental jurisdiction over the counter-claims brought by Haid, pursuant to 28 U.S.C. § 1367.

## C. LEGAL ISSUES

Plaintiff/Counterclaim Defendant Bain's Contentions

The legal issues in this case involve Bain's ownership of the copyright in the Film and Haid's infringement thereof, including Haid's access to the film and the substantial similarity between the Film and the scenes featured in Haid's acting reel. Secondary liability is at issue as well as direct liability for infringement. Legal issues concerning heightened damages for willful infringement and for removal of Bain's copyright management information in contravention of the Digital Millennium Copyright Act are also present.

Defendant/Counter-Claimant Haid's Contentions

The legal issues in this case involve the promises and contractual obligations that Plaintiff/Counterclaim Defendant Bain committed to Haid as consideration for Haid's performance in the Film.  Bain repeatedly promised that Haid's performance would "look great for her acting reel," but subsequently filed this instant suit against Haid the moment that an acting reel was obtained.

Issues also include Bain's liability during her role as Haid's employer for committing numerous Labor Code violations, breach of contract, fraud, negligent misrepresentation, and failing to provide a safe work environment. Any alleged violation of Copyright or the Digital Millennium Copyright Act are subject to an applicable defense.  Furthermore, the entirety of this dispute is subject to binding arbitration.

## D. MANUAL FOR COMPLEX LITIGATION

The Parties do not contemplate this case to invoke any part of the complex litigation manual; thus, the parties do not propose any modifications of the procedures set forth in that manual for this particular action.

E. **PARTIES, EVIDENCE, etc.**

Plaintiff/Counterclaim Defendant Bain's Contentions

The parties are Robin Bain, Defendant Jessica Cesaro, also known as Jessica Haid ("Haid" or "Defendant").

Should Defendant reval in Initial Disclosures or discovery responses any other individuals or entities involved in the chain of alleged infringement of Bain's Film, Bain will move to add such individuals or entities as parties to this action.

Bain has no corporate parents, subsidiaries, or affiliates that are implicated in this litigation.

Defendant/Counter-Claimant Haid's Contentions

The parties in this case are Plaintiff/Counterclaim Defendant Bain and Defendant/ Counterclaimant Haid. Haid is informed thatDefendant LA Media Works, Corp. ("LA Media") was recently served and has yet to appear in this case. Haid is also informed that Defendant Film Independent, Inc. has been dismissed from this case.

Haid has recently learned the identity of the company that was allegedly acting as Haid's employer during the relevant times of this case in lieu of Bain, and is informed and believes that this company is an alias, corporate parent, subsidiary, or affiliate of Bain. Haid anticipates amending her Counterclaims to include the name of this newly discovered company as a counterclaim defendant.

F. **INSURANCE**

The Parties do not have insurance coverage for the claims at issue.

## G. MAGISTRATE JUDGE

The Parties do not stipulate to the use of a magistrate judge unless specifically required under the applicable local rules.

## H. ADDING CLAIMS/PARTIES

<u>Plaintiff/Counterclaim Defendant Bain's Contentions</u>

Plaintiff does not anticipate that additional parties will be added to the case; however, should discovery reveal that any othr parties participated in the infringement at issue in this action which are within the jurisdiction of this Court, Plaintiff will seek to amend the Complaint to add said parties, so long as they are timely disclosed by Defendant.

<u>Defendant/Counter-Claimant Haid's Contentions</u>

Haid has recently learned the identity of the company that was allegedly acting as Haid's employer during the relevant times of his case in lieu of Bain. Haid anticipates amending her Counter-Claims to include the name of this newly discovered company as a counterclaim defendant which, to Haid's knowledge, is an alias, corporate parent, subsidiary, or affiliate of Bain.

Except as stated above, Defendant Haid does not anticipate that additional parties will be added to the case; however, should discovery reveal that any other parties participated in the infringement at issue in this action which are within the jurisdiction of this Court, Defendant Haid will seek to amend the Counter-Claims to add said parties, so long as they are timely disclosed by Plaintiff.

## I. STATUS OF DISCOVERY

The Parties anticipate entering into an appropriate stipulated protective order, if necessary, in order to allow for the exchange of confidential and/or sensitive information.

The Parties anticipate that they will serve their Initial Disclosures as required by Fed. R. Civ. P. 26.

## J. DISCOVERY PLAN

Plaintiff and Defendant anticipate utilizing all discovery allowed under Rule 26, including depositions, requests for documents, interrogatories and requests for admissions. The dates by which the above will be accomplished are set forth below.

Plaintiff anticipates that discovery will be needed regarding the obtainment of the unauthorized copy of the Film, the willfulness of Defendant, and the identities of the parties which aided Defendant in the perpetration of the infringement at issue in this action. The parties agree to allow for the electronic service of discovery provided that all documents, requests, and responses that are served electronically are followed by physical copies of the same wherever reasonably practicable.

Provided that this case is not stayed pending a determination in arbitration, Defendant anticipates that discovery will be necessary with regard to Bain's conduct and directions to cast and crew throughout the course of production for the Film, promises that were made by Bain to Haid regarding permission for Haid to use Film footage, Bain's intent when said promises were made to Haid, the amount of control and direction that Bain had over Haid in connection with Haid's acting performance in the Film, the amount of damages suffered by Bain for her alleged claims against Haid (if any), working conditions during the production of the Film, and the involvement of any additional third parties who either acted on behalf of Bain or had a controlling

influence over Bain's conduct and directly or indirectly contributed to the harm suffered by Haid.

## K. DISPOSITIVE MOTIONS

Plaintiff/Counterclaim Defendant Bain's Contentions

Plaintiff anticipates filing a Motion for Partial Summary Judgment for liability as to Defendant for copyright infringement by the deadline for dispositive motions. Plaintiff may also seek adjudication of several of Defendant's counterclaims at the summary judgment stage. Plaintiff also will not seek bifurcation.

Defendant/Counter-Claimant Haid's Contentions

Defendant Haid anticipates filing a Motion to Compel Arbitration on the basis that the claims in this case are governed by the arbitration provision in Haid's employment agreement. Otherwise, provided that this case is not stayed pending a determination in arbitration, should any claims remain pending before this Court after a Motion to Compel Arbitration is heard, Haid anticipates filing a Motion for Summary Judgment on the basis that Haid is not liable as to any of Plaintiff Bain's allegations, and that Bain is liable to Haid for breach of contract, breach of good faith and fair dealing, fraud, failing to provide a safe work environment, and/or numerous Labor Code violations.

## L. SETTLEMENT

No meaningful settlement discussions have yet taken place.

Pursuant to Local Rule 16.5-5, the parties have agreed they would prefer to institute Central District Settlement Procedure No. 2.

### M. TRIAL ESTIMATE

All Parties have requested a jury trial. In the event that this case is *not* stayed pending a determination on arbitration, the Parties estimate the trial in this matter to last 5 court days. See below for a recitation of the Parties' proposed schedule of dates.

- Last day to add claims or parties: November 19, 2018
- Discovery cut-off: May 31, 2019
- Opening Expert Disclosures: June 14, 2019
- Expert Rebuttal Disclosure: July 5, 2019
- Expert Discovery cut-off: July 26, 2019
- Last Day to File Motions: September 16, 2019
- Mediation cut-off: August 30, 2019
- Pre-trial conference: January 13, 2020
- Trial: January 28, 2020

WHEREUPON, the parties, by and through their respective attorneys of record, hereby jointly submit this Joint Report.

Dated: September 10, 2018    By: /s/ Justin M. Gomes
Scott Alan Burroughs, Esq.
Trevor W. Barrett, Esq.
Justin M. Gomes, Esq.
DONIGER /BURROUGHS
Attorneys for Plaintiff

Dated: September 10, 2018    By: /s/ John R. Baldivia
David Albert Pierce, Esq.
John R. Baldivia, Esq
PIERCE LAW GROUP LLP
Attorneys for Defendant and Counter-Clamiant, JESSICA CESARO, professionally known as "JESSICA HAID"