Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Scott Alan Burroughs (SBN 235718)
scott@donigerlawfirm.com
Justin M. Gomes (SBN 301793)
jgomes@donigerlawfirm.com
Trevor W. Barrett (SBN 287174)
tbarrett@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, CA 90291
Telephone: (310) 590-1820

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBIN BAIN,<br><br>Plaintiff,<br><br>vs.<br><br>FILM INDEPENDENT, INC., *et al.*,<br><br>Defendants. | Case No.: 2:18-cv-04126-PA(JEMx)<br>_Hon. Percy Anderson Presiding_<br><br>**PLAINTIFF'S SURREPLY IN OPPOSITION TO DEFENDANT JESSICA HAID'S MOTION TO COMPEL ARBITRATION**<br><br>**[Supplemental Declaration of Robin Bain Filed Concurrently Herewith]**<br><br><br>Date: October 15, 2018<br>Time: 10:00 a.m.<br>Courtroom: 9A 1st Street Courthouse |

In her reply in support of the motion to compel arbitration, Haid made at least two distinct legal arguments concerning equitable estoppel that she had not raised in the initial motion. Haid argues for the first time in her reply that Nowhereland Movie, LLC should be treated as an alter ego of Bain, and that Bain should be deemed a joint employer under *Martinez v. Combs*, 49 Cal.4th 35 (2010) as modified (June 9, 2010). These arguments should not be weighed by the Court because "[i]ssues raised for the first time in the reply brief are waived." *Bazuaye v. INS*, 79 F.3d 118, 120 (9th Cir. 1996). Indeed, it "is improper for a moving party to introduce new facts or different legal arguments in the reply brief than those presented in the moving papers." *United States ex rel. Giles v. Sardie*, 191 F. Supp. 2d 1117, 1127 (C.D. Cal. 2000). Because Haid failed to raise these arguments prior to her reply, they are waived and should not be considered. To the extent the Court is inclined to consider these arguments, they fail as discussed in brief below.

**1. Nowhereland Movie, LLC is not Bain's alter ego**

Haid bore the burden of asserting its alter ego theory in its pleadings <u>and</u> establishing alter ego liability in its moving papers. She failed to assert claims of alter ego in her answer and counterclaim and failed to even reference in her moving papers an alter ego theory, let alone prove same.

In her reply she asserts for the first time this theory, which is fatal. Indeed, establishing alter ego liability requires weighing the respect given to the entity, the potential injustice to be suffered by parties if a separate entity is acknowledged, and purported fraudulent intent of the party who created the entity. *Incorporators Bd. Of Trustees of Mill Cabinet Pension Tr. Fund for N. California v. Valley Cabinet & Mfg. Co.*, 877 F.2d 769, 772 (9th Cir. 1989). These issues are not adequately addressed by Haid, even in the reply, most likely because the argument has no merit.

SURREPLY IN OPPOSITION TO MOTION TO COMPEL ARBITRATION

The Nowhereland Movie, LLC ("Nowhereland") was established for the production of the film *Nowhereland / Girl Lost* (the "Film") in October of 2014, pursuant to advice from counsel and consultation with a potential investor for the Film. Supplemental Declaration of Robin Bain ("Bain Supp. Decl.") ¶ 1. Nowhereland was fully capitalized at its inception, and maintained bank accounts separate and apart from Bain's personal accounts. Id. Nowhereland itself paid all cast and crew for their work on the Film. Id. at ¶ 2, Ex. 5. Despite numerous false assertions to the contrary, Haid was paid by <u>Nowhereland</u> for her work on the Film – <u>not by Bain</u>. Id. The deposited check for Haid's work on the film, submitted herewith, makes this clear. Id.[1] Throughout the production of the Film and thereafter, Nowhereland was respected as a separate legal entity from Bain herself.

And Haid will suffer no injustice if Nowhereland is properly deemed by this Court to be a separate entity. Indeed, Haid points to no specific injustice that she would suffer due to that outcome. If Haid were to suggest that recognizing Nowhereland as a separate entity would preclude Haid from securing any damages for her claims due to Nowhereland's financial condition, she has failed to demonstrate that financial condition, or that Bain individually is any more capable of paying any potential monetary damages. And, even if Haid had evidence concerning the entity's finances, "[t]he inability to collect from an insolvent defendant does not, by itself, constitute an inequitable result." *Valley Cabinet & Mfg. Co.*, 877 F.2d at 774 (internal citations omitted), *Seymour v. Hull & Moreland Eng'g*, 605 F.2d 1105, 1113 (9th Cir. 1979).

---

[1] This check along with the Actor Deal Memo from November 3, 2014, which Haid signed, make clear that Haid was aware of who her "employer" was well in advance of her improper counterclaims.

Similarly, Haid fails to point to any specific fraudulent intent in Bain's creation or use of Nowhereland, suggesting only a vague "fraudulent intent of limiting her liability." Reply (Dkt. No. 41) at 5. If wishing to limit liability with the creation of a limited liability company were sufficient to constitute "fraudulent intent," no such entity would have ever been created without "fraudulent intent." Bain created Nowhereland to clearly delineate the rights, liabilities, and assets of that entity as separate from her own. Haid has not and cannot prove that this constitutes fraudulent intent.

Because Nowhereland was given adequate respect as a separate entity, Haid will suffer no injustice if Nowhereland is treated as a separate entity, and Bain displayed no fraudulent intent in her creation or use of Nowhereland, that limited liability company cannot be deemed Bain's alter ego.

## 2. The *Martinez* tests do not apply

Bain was not Haid's employer – Nowhereland was Haid's employer. Bain oversaw the production of the film, as is standard in the film industry, as an agent of Nowhereland, not individually. The wages paid were governed by agreements with Nowhereland and were paid by Nowhereland. The "*Martinez* tests" cited by Haid in her reply concern only claims pursuant to the Industrial Welfare Commission. None of Haid's claims are brought under that wage order, so that test is entirely inapplicable here.

## 3. The LA Media Works claims should not be stayed

Defendant LA Media Works filed crossclaims against Haid for falsely advising LA Media Works that she had the right to distribute and publish portions of the film at issue. These allegations concern the copyright infringement claims Bain asserts against LA Media Works and Haid. As discussed in Bain's opposition to the Motion to Compel Arbitration, Bain's copyright claims do not arise under

the Deal Memos and are therefore not subject to any arbitration provision.[2] Given that Bain's claims are not subject to arbitration, it would be inappropriate to stay this action as to LA Media Works even if any of Haid's claims proceed to arbitration because the outcome of the non-arbitrable copyright-related claims will not depend on any arbitrator's decision. *Glob. Live Events v. Ja-Tail Enterprises, LLC*, No. CV 13-8293 SVW, 2014 WL 1830998, at *3 (C.D. Cal. May 8, 2014), citing *United Commc'ns Hub, Inc. v. Qwest Commc'ns, Inc.*, 46 F. App'x 412, 415 (9th Cir.2002) (unpublished) (quoting *Simitar Entm't, Inc. v. Silva Entm't, Inc.*, 44 F.Supp.2d 986, 997 (D.Minn.1999). This action should not be stayed, even if certain claims are ordered to arbitration.

**4. Conclusion**

In light of the above, and the facts and arguments stated in Bain's opposition, the Court Should deny Haid's motion to compel arbitration.

Respectfully submitted,

Dated: October 4, 2018          By:     /s/ *Justin M. Gomes*
                                         Scott Alan Burroughs, Esq.
                                         Justin M. Gomes, Esq.
                                         DONIGER / BURROUGHS
                                         Attorneys for Plaintiff

---

[2] It should be noted that Haid fails in her reply to address any of the relevant legal authority concerning this issue that Bain provided in her Opposition.