**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 13 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROBIN BAIN, an individual, | No.   20-55948 |
| Plaintiff-counter-defendant-Appellant, | D.C. No. 2:18-cv-04126-PA-JEM |
| v. | |
| FILM INDEPENDENT, INC., DBA LA Film Festival, a California Corporation; LA MEDIA WORKS, CORP., a business entity of unknown form, | MEMORANDUM* |
| Defendants, | |
| and | |
| JESSICA CESARO, PKA Jessica Haid, an individual, | |
| Defendant-counter-claimant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted December 13, 2022[**]
San Francisco, California

Before:  BADE, LEE, and KOH, Circuit Judges.

Robin Bain appeals pro se the district court's summary judgment in Bain's

action against Jessica Cesaro, known professionally as Jessica Haid ("Haid"), for

copyright infringement and violations of the Digital Millennium Copyright Act

("DMCA"), 17 U.S.C. § 1202. Bain created a film called "Nowhereland," also

known as "Nowhereland/Girl Lost," featuring Haid as its lead actress, and Bain's

claims are premised on Haid's commission of an acting reel using clips from the

film. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Stevens v.*

*Corelogic, Inc.*, 899 F.3d 666, 672 (9th Cir. 2018) (summary judgment); *Seltzer v.*

*Green Day, Inc.*, 725 F.3d 1170, 1175 (9th Cir. 2013) (determination whether the

use of copyrighted work constitutes fair use). We affirm.

The district court properly granted summary judgment on Bain's copyright

infringement claims because Haid's use of the film for her reel constituted fair use.

*See* 17 U.S.C. § 107 (setting forth factors to determine whether the use of a

copyrighted work is fair use); *Seltzer*, 725 F.3d at 1175 ("17 U.S.C. § 107

establishes that fair use of a copyrighted work is not an infringement of

---

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

2

copyright[.]”).

The district court properly granted summary judgment on Bain's DMCA claim because Bain failed to raise a triable dispute as to whether Haid possessed the necessary intent for purposes of the statute. *See Stevens*, 899 F.3d at 673 (the DMCA “require[s] the defendant to possess the mental state of knowing, or having a reasonable basis to know, that his actions ‘will induce, enable, facilitate, or conceal’ infringement” (quoting 17 U.S.C. § 1202(b))).

The district court did not err in failing to rule on Bain's objections to Haid's expert reports because the reports were not material to its ruling. *See Norse v. City of Santa Cruz*, 629 F.3d 966, 973 (9th Cir. 2010) (en banc) (“Before ordering summary judgment in a case, a district court must . . . rule on evidentiary objections that are material to its ruling.”).

Bain waived any argument that the district court erred in failing to sanction Haid for allegedly destroying evidence by failing to request sanctions or an evidentiary hearing before the district court. *See Int'l Union of Bricklayers & Allied Craftsman Loc. Union No. 20 v. Martin Jaska, Inc.*, 752 F.2d 1401, 1404 (9th Cir. 1985) (“We will not . . . review an issue not raised below unless necessary to prevent manifest injustice.”).

Bain's motion to strike two documents from the record, Dkt. 30, is DENIED.

3

**AFFIRMED.**